UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| MARIA TORRES, | **DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT** |
| Plaintiff, | |
| -against- | 15 Civ. 383 (LGS) |
| CITY OF NEW YORK, and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS, | JURY TRIAL DEMANDED |
| Defendants. | |

------------------------------------------------------------------------x

Defendant City of New York, by its attorney, Zachary W. Carter, Corporation Counsel for the City of New York, for its answer to plaintiff's complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to base jurisdiction as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base jurisdiction as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint.

6. States that the allegations set forth in paragraph "6" of the complaint are not averments of fact that require a response.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

9. Denies the allegations set forth in paragraph "9" of the complaint, and respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department.

10. Denies the allegations set forth in paragraph "10" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified John Doe officers.

11. Denies the allegations set forth in paragraph "11" of the complaint, and respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff purports to proceed as stated therein.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that a notice of claim was filed by plaintiff.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that a notice of claim was filed by plaintiff.

16. Admits the allegations set forth in paragraph "16" of the complaint.

17. States that the allegations set forth in paragraph "17" of the complaint are not averments of fact that require a response.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admits that, on October 16, 2013, plaintiff was placed under arrest and charged with aggravated harassment and denies knowledge or information relating to plaintiff's prosecution.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. States that the allegations set forth in paragraph "27" of the complaint are not averments of fact that require a response.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

49.     The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

50.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the defendant violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

51.     There was probable cause to arrest, detain, and prosecute plaintiff.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

52.     Plaintiff fails to state a claim for municipal liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

53.     To the extent the complaint can be liberally construed to include claims brought pursuant to New York State law, any such claims may be barred for failure to comply with New York General Municipal Law §§ 50-e, 50-i and/or 50-h.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

54.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of defendant.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

55.     Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 22, 2015

        ZACHARY W. CARTER
        Corporation Counsel
        of the City of New York
        *Attorney for Defendant City of New York*
        100 Church Street, Rm. 3-217
        New York, New York 10007
        (212) 356-2409

By: _____/s_____
    Tavish C. DeAtley
    Assistant Corporation Counsel
    Special Federal Litigation Division

To:    Martin L. Ginsberg, Esq. (By ECF)
       *Attorney for Plaintiff*

Index No. 15 Civ. 383(LGS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MARIA TORRES,<br><br>           Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,<br><br>           Defendants.<br><br>. |
| **DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br> *Of Counsel: Tavish C. DeAtley*<br> *Tel:  (212) 356-2409*<br> *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  .......................................... ,2015*<br><br>*.................................................................. Esq.*<br><br>*Attorney for City of New York* |